UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| STEVEN J. WILLETT,<br><br>          Plaintiff,<br>   v.<br><br>CALIFORNIA DEPARTMENT OF MENTAL HEALTH, et al.,<br><br>          Defendants.<br>_____ / | CASE NO. 1:11-cv-00445-GBC (PC)<br><br>ORDER DISMISSING COMPLAINT WITH LEAVE TO AMEND<br><br>(ECF No. 1)<br><br>AMENDED COMPLAINT DUE WITHIN THIRTY DAYS |

### SCREENING ORDER

**I.    PROCEDURAL HISTORY**

Plaintiff Steven J. Willett ("Plaintiff") is a civil detainee being detained at Coalinga State Hospital and is proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff filed this action on March 17, 2011 and consented to Magistrate Judge jurisdiction on March 30, 2011. (ECF Nos. 1 & 5.) No other parties have appeared.

Plaintiff's Complaint is now before the Court for screening. For the reasons set forth below, the Court finds that Plaintiff failed to state a claim upon which relief may be granted.

1

## II. SCREENING REQUIREMENTS

Where a detainee or prisoner seeks relief against "a governmental entity or officer or employee of a governmental entity," the Court is required to review the complaint and identify "cognizable claims." 28 U.S.C § 1915(a)-(b). The Court must dismiss a complaint, or portion of the complaint, if it is "frivolous, malicious or fails to state a claim upon which relief may be granted; or . . . seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A(b); 28 U.S.C. § 1915(e)(2). A claim is frivolous "when the facts alleged rise to the level of the irrational or the wholly incredible, whether or not there are judicially noticeable facts available to contradict them." Denton v. Hernandez, 504 U.S. 25, 32-33 (1992). In determining malice, the Court examines whether the claims are pled in good faith. Kinney v. Plymouth Rock Squab. Co., 236 U.S. 43, 46 (1915).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 129 S.Ct. 1937, 1949 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)). Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim that is plausible on its face.'" Iqbal, 129 S.Ct. at 1949 (quoting Twombly, 550 U.S. at 555). While factual allegations are accepted as true, legal conclusions are not. Iqbal, 129 S.Ct. at 1949.

## III. SUMMARY OF COMPLAINT

Plaintiff brings this action for violation of his Fourteenth Amendment right to due process. Plaintiff names the following individuals as Defendants: California Department

of Mental Health, Liberty Health Care, Kym Cudle, Allen Stillman, and Cynthia Radavsky.

Plaintiff alleges as follows: On May 19, 2010, Plaintiff was taken into custody by Defendant Cudle. In accordance with the contract Plaintiff signed with Defendant Liberty, if Plaintiff was returned to the custody of the Department of Mental Health, he was allowed to bring with him whatever personal property he wanted. However, Defendant Cudle would not allow Plaintiff to retrieve any of his property nor would they pack it for him. Defendant Cudle informed Plaintiff that his property would be secure for thirty days, so Plaintiff could make arrangements for someone to take it.

Defendant Stillman informed a court that he would see to it that Plaintiff received his property. In July 2010, Plaintiff began receiving his property. After receiving the third box in August, Plaintiff was told that he would not be receiving any more. Plaintiff informed Defendant Cudle who found out that the property had either been thrown away or given away.

Plaintiff seeks punitive damages, declaratory and injunctive relief.

## IV.   ANALYSIS

### A.   Linkage

The Civil Rights Act under which this action was filed provides:

> Every person who, under color of [state law] . . . subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution . . . shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

42 U.S.C. § 1983. "Section 1983 . . . creates a cause of action for violations of the federal Constitution and laws." Sweaney v. Ada County, Idaho, 119 F.3d 1385, 1391 (9th Cir.

1997) (internal quotations omitted).

The statute plainly requires that there be an actual connection or link between the actions of the Defendants and the deprivation alleged to have been suffered by Plaintiff. See Monell v. Department of Social Services, 436 U.S. 658(1978); Rizzo v. Goode, 423 U.S. 362 (1976).  The Ninth Circuit has held that "[a] person 'subjects' another to the deprivation of a constitutional right, within the meaning of section 1983, if he does an affirmative act, participates in another's affirmative acts or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made." Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).  In order to state a claim for relief under Section 1983, Plaintiff must link each named Defendant with some affirmative act or omission that demonstrates a violation of Plaintiff's federal rights.  Plaintiff fails to link California Department of Mental Health, Allen Stillman, and Cynthia Radavsky to any act or omission to demonstrate a violation of his federal rights.

If any of the named Defendants are supervisors, Plaintiff should be aware that supervisory personnel are generally not liable under Section 1983 for the actions of their employees under a theory of respondeat superior and, therefore, when a named defendant holds a supervisorial position, the causal link between him and the claimed constitutional violation must be specifically alleged.  See Fayle v. Stapley, 607 F.2d 858, 862 (9th Cir. 1979); Mosher v. Saalfeld, 589 F.2d 438, 441 (9th Cir. 1978), cert. denied, 442 U.S. 941 (1979).

Plaintiff has not alleged any facts indicating that California Department of Mental Health, Allen Stillman, and Cynthia Radavsky personally participated in the alleged deprivation of constitutional rights; knew of any violations and failed to act to prevent them;

4

or promulgated or "implemented a policy so deficient that the policy 'itself is a repudiation of constitutional rights' and is 'the moving force of the constitutional violation.'" Hansen v. Black, 885 F.2d 642, 646 (9th Cir. 1989). Although federal pleading standards are broad, some facts must be alleged to support claims under Section 1983. See Leatherman v. Tarrant County Narcotics Unit, 507 U.S. 163, 168 (1993).

### B.     Plaintiff's Status

Plaintiff is a detainee at Coalinga State Hospital. "[T]he rights afforded prisoners set a floor for those that must be afforded . . . civil detainees." McNeal v. Mayberg, 2008 WL 5114650 (E.D. Cal. Dec. 3, 2008), citing Hydrick v. Hunter, 500 F.3d 978, 989 (9th Cir. 2007). Therefore, though Plaintiff is a detainee and not a prisoner, the Court may refer to the rights of prisoners to determine the rights afforded Plaintiff.

### C.     Due Process

Plaintiff appears to be arguing that he did not receive the proper amount of due process in relation to his property when he was returned to custody.

The Due Process Clause of the Fourteenth Amendment provides, "No State shall . . . deprive any person of life, liberty, or property, without due process of law." U.S. Constitution, amend. XIV § 1. This clause guarantees both procedural and substantive due process. The procedural due process component protects individuals against the deprivation of liberty or property by the government, while substantive due process protects individuals from the arbitrary deprivation of liberty by the government. Portman v. County of Santa Clara, 995 F.2d 898, 904 (9th Cir. 1993); Brittain v. Hansen, 451 F.3d 982, 991 (9th Cir. 2006). Because Plaintiff is a detainee in a state hospital, some curtailment of his

rights may be expected.  See Overton v. Bazzetta, 529 U.S. 126, 131 (2003); Hydrick v. Hunter, 500 F.3d 978, 991 (9th Cir. 2007).

For Plaintiff to raise a cognizable Section 1983 claim based upon procedural due process, he must fulfill "three elements: (1) a liberty or property interest protected by the Constitution, (2) a deprivation of the interest by the government, and (3) lack of process." Portman, 995 F.2d at 904.  Thus, to state a cognizable claim for deprivation of due process, Plaintiff must first establish the existence of a protected property interest.

It is beyond dispute that civil detainees have a protected interest in their personal property.  Hansen v. May, 502 F.2d 728, 730 (9th Cir. 1974).  In this context, the Due Process Clause protects prisoners from being deprived of their property without due process of law.  Wolff v. McDonnell, 418 U.S. 539, 556 (1974).  However, while an authorized, intentional deprivation of property is actionable under the Due Process Clause, see, e.g., Hudson v. Palmer, 468 U.S. 517, 532, n. 13 (1984); Quick v. Jones, 754 F.2d 1521, 1524 (9th Cir. 1985), neither negligent nor unauthorized intentional deprivations of property by a state employee "constitute a violation of the procedural requirements of the Due Process Clause of the Fourteenth Amendment if a meaningful postdeprivation remedy for the loss is available."  Hudson, 468 U.S. at 533.  In other words, only an authorized, intentional deprivation of property is actionable under the Due Process Clause.  See id.

An authorized deprivation is one carried out pursuant to established state procedures, regulations, or statutes.  Logan v. Zimmerman Brush Co., 455 U.S. at 436; see also Knudson v. City of Ellensburg, 832 F.2d 1142, 1149 (9th Cir. 1987).  Authorized deprivations of property are permissible if carried out pursuant to a regulation that is reasonably related to a legitimate penological interest.  Turner v. Safley, 482 U.S. 78, 89

(1987). "An unauthorized intentional deprivation of property by a state employee does not constitute a violation of the procedural requirements of the Due Process Clause of the Fourteenth Amendment if a meaningful post-deprivation remedy for the loss is available." Hudson, 468 U.S. at 533 (1984).  Thus, where the state provides a meaningful post-deprivation remedy, only authorized, intentional deprivations constitute actionable violations of the Due Process Clause. Id.

Plaintiff states that he was taken into custody, that he was informed that his property would be held for thirty days, that he received three boxes, and that the rest of his property was disposed of.  As currently pleaded, Plaintiff does not allege facts sufficient for the Court to ascertain any specific items that were actually disposed of nor what items he received.  Thus, the Court is unable to ascertain what, if any of Plaintiff's personal property, was disposed of, and what, if any due process he received relative to any specific items. Further, Plaintiff has not alleged sufficient facts for the Court to determine whether any such deprivation was authorized or unauthorized.  The implication from Plaintiff's allegations is that the taking was authorized – i.e. carried out pursuant to established state procedures, regulations, or statutes.  If it was authorized, as long as Plaintiff was provided with process, Plaintiff may be deprived of his property. The Court notes that it appears that Plaintiff was afforded all of the necessary due process.  A review of the contract attached to Plaintiff's Complaint reveals that Plaintiff had thirty days to find someone to pick up and store his belongings.  It further warned that, if belongings were not picked up within that time frame, they would be donated.  Plaintiff was returned to custody in May 2009.  He received several boxes between May and August 2009.  Then he learned that the remainder of his property had been disposed of.  It appears that the property was held for

at least thirty days in accordance with the contract language. Thus, it would appear that Plaintiff was given the proper due process.

For all of these reasons, Plaintiff's claim that he was denied due process is not cognizable at this time.

## V.     CONCLUSION AND ORDER

The Court finds that Plaintiff's Complaint fails to state any Section 1983 claims upon which relief may be granted. The Court will provide Plaintiff time to file an amended complaint to address the potentially correctable deficiencies noted above. See Noll v. Carlson, 809 F.2d 1446, 1448-49 (9th Cir. 1987). In his Amended Complaint, Plaintiff must demonstrate that the alleged incident or incidents resulted in a deprivation of his constitutional rights. Iqbal, 129 S.Ct. at 1948-49. Plaintiff must set forth "sufficient factual matter . . . to 'state a claim that is plausible on its face.'" Iqbal, 129 S.Ct. at 1949 (quoting Twombly, 550 U.S. at 555). Plaintiff must also demonstrate that each defendant personally participated in the deprivation of his rights. Jones, 297 F.3d at 934.

Plaintiff should note that although he has been given the opportunity to amend, it is not for the purposes of adding new claims or defendants, other than as requested by the Court. Plaintiff should focus the amended complaint on claims and defendants relating solely to issues arising out of the incidents discussed herein

Finally, Plaintiff is advised that Local Rule 220 requires that an amended complaint be complete in itself without reference to any prior pleading. As a general rule, an amended complaint supersedes the original complaint. See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967). Once an amended complaint is filed, the original complaint no longer serves any function in the case. Therefore, in an amended complaint, as in an original

complaint, each claim and the involvement of each defendant must be sufficiently alleged. The amended complaint should be clearly and boldly titled "First Amended Complaint," refer to the appropriate case number, and be an original signed under penalty of perjury.

Based on the foregoing, it is HEREBY ORDERED that:

1. Plaintiff's complaint is dismissed for failure to state a claim, with leave to file an amended complaint within thirty (30) days from the date of service of this order;

2. Plaintiff shall caption the amended complaint "First Amended Complaint" and refer to the case number 1:11-cv-00445-GBC (PC); and

3. If Plaintiff fails to comply with this order, this action will be dismissed for failure to state a claim upon which relief may be granted.

IT IS SO ORDERED.

Dated:   August 22, 2011

UNITED STATES MAGISTRATE JUDGE