1
2
3
4
5
6

# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

7
8
9
10
11
12
13
14
15
16

STEVEN J. WILLETT,                           CASE NO. 1:11-cv-00445-GBC (PC)

    Plaintiff,                              ORDER DISMISSING ACTION, WITH
                                             PREJUDICE, FOR FAILURE TO STATE A
    v.                                      CLAIM UPON WHICH RELIEF MAY BE
                                             GRANTED
CALIFORNIA DEPARTMENT OF
HEALTH, et al.,

    Defendants.
                                             / Doc. 7

17

**I. Procedural History, Screening Requirement, and Standard**

18      On March 17, 2011, Plaintiff Steven J. Willett ("Plaintiff"), a civil detainee proceeding pro

19   se and in forma pauperis, filed this civil rights action pursuant to 42 U.S.C. § 1983. Doc. 1. On

20   August 22, 2011, the Court issued a screening order, dismissing Plaintiff's complaint, with leave to

21   amend. Doc. 6. On September 12, 2011, Plaintiff filed his first amended complaint. Doc. 7.

22      The proceedings in forma pauperis statute states as follows: "Notwithstanding any filing fee,

23   or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the

24   court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be

25   granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

26      A complaint must contain "a short and plain statement of the claim showing that the pleader

27   is entitled to relief. . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but

28   "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements,

1   do not suffice," *Ashcroft v. Iqbal*, 556 U.S. 662, __, 129 S. Ct. 1937, 1949 (2009) (citing *Bell*
2   *Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)), and courts "are not required to indulge
3   unwarranted inferences," *Doe I v. Wal-Mart Stores, Inc.*, 572 F.3d 677, 681 (9th Cir. 2009). While
4   factual allegations are accepted as true, legal conclusions are not. *Iqbal*, 129 S. Ct. at 1949.

5           Plaintiff is a civil detainee. "[T]he rights afforded prisoners set a floor for those that must be
6   afforded . . . civil detainees." *McNeal v. Mayberg*, 2008 WL 5114650, at *4 (E.D. Cal. Dec. 3, 2008),
7   citing *Hydrick v. Hunter*, 500 F.3d 978, 989 (9th Cir. 2007) (reversed on other grounds) (quoting
8   *Youngberg v. Romeo*, 457 U.S. 307, 322 (1982). *See also Semeneck v. Ahlin*, 2010 WL 4738065, at
9   *3 (E.D. Cal. Nov. 16, 2010); *Leonard v. Bonner*, 2010 WL 3717248, at *2 (E.D. Cal. Sep. 15,
10  2010); *Allen v. Mayberg*, 2010 WL 500467, at *5 (E.D. Cal. Feb. 8, 2010). Therefore, though
11  Plaintiff is a detainee and not a prisoner, the Court may refer to the rights of prisoners to determine
12  the rights afforded Plaintiff.

13          While prisoners proceeding pro se in civil rights actions are still entitled to have their
14  pleadings liberally construed and to have any doubt resolved in their favor, the pleading standard is
15  now higher, *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010). Under § 1983, Plaintiff must
16  demonstrate that each defendant personally participated in the deprivation of his rights. *Jones v.*
17  *Williams*, 297 F.3d 930, 934 (9th Cir. 2002). This requires the presentation of factual allegations
18  sufficient to state a plausible claim for relief. *Iqbal*, 129 S. Ct. at 1949-50; *Moss v. U.S. Secret*
19  *Service*, 572 F.3d 962, 969 (9th Cir. 2009). The mere possibility of misconduct falls short of meeting
20  this plausibility standard. *Iqbal*, 129 S. Ct. at 1949-50; *Moss*, 572 F.3d at 969.

21          Section 1983 provides a cause of action for the violation of constitutional or other federal
22  rights by those acting under color of state law. *E.g.*, *Patel v. Kent School Dist.*, 648 F.3d 965, 971
23  (9th Cir. 2011); *Jones*, 297 F.3d at 934. For each defendant named, Plaintiff must show a causal link
24  between the violation of his rights and an action or omission of the defendant. *Iqbal*, 129 S. Ct. at
25  1949-50; *Starr v. Baca*, 652 F.3d 1202, 1205-06 (9th Cir. 2011); *Corales v. Bennett*, 567 F.3d 554,
26  570 (9th Cir. 2009). There is no respondeat superior liability under § 1983, and each defendant may
27  only be held liable for misconduct directly attributed to him or her. *Iqbal*, 129 S. Ct. at 1949-50;
28  *Ewing v. City of Stockton*, 588 F.3d 1218, 1235 (9th Cir. 2009).

## II. Allegations in Plaintiff's First Amended Complaint

In Plaintiff's first amended complaint, he names California Department of Mental Health; Liberty Health Care; Kym Cudle, Regional Coordinator / Case Manager for Liberty Health Care; Allen Stillman, Administrative Executive for Liberty Health Care; and Cynthia Radavsky, Deputy Director of Department of Mental Health. Am. Compl. at 1, 3, 5, Doc. 7.

Plaintiff alleges that on May 19, 2010, Plaintiff was taken into custody by Kym Cudle, the Regional Coordinator for Liberty Health Care. *Id.* at 3. Liberty Health Care is under contract with the Department of Mental Health to provide the conditional release program for civil commitments. *Id.* Kym Cudle was also Plaintiff's case manager at the time he was taken into custody. *Id.* Plaintiff signed a contract with Liberty Health Care that stated "in the event that an individual is returned to the State Hospital, he/she is allowed to take with him/her personal belongings in the amount allowed at each hospital." *Id.* Coalinga State Hospital permits Plaintiff to have all of his property. *Id.* at 4. As Plaintiff's legal representative for Liberty Health Care, Kym Cudle should not have prohibited Plaintiff from taking his property to Coalinga State Hospital. *Id.* Cudle is in breach of contract and in violation of Plaintiff's due process rights. *Id.*

Cudle told Plaintiff she would contact his sister to make arrangements to have his property turned over to her. *Id.* Cudle called Plaintiff's sister and told her she would call back on the cost of shipping. *Id.* Plaintiff's sister was never given instructions to retrieve Plaintiff's property since Liberty Health Care was the only one with the key to the trailer. *Id.* Liberty Health Care took possession of Plaintiff's property and refused to release it in retaliation. *Id.* When Plaintiff appeared in court, he raised the issue of his property. *Id.* at 5. Allen Stillman, Administrative Executive, stated that he would see to it that Plaintiff got his property, and that it was locked up and safe. *Id.* In July 2010, Plaintiff began receiving boxes of his property. *Id.* After receiving three boxes, in August 2010, Plaintiff was informed that this was the last box. *Id.* Plaintiff contacted Cudle through his social worker, Ms. Ribeiro. *Id.* Dr. Archowitz informed Ms. Ribeiro that the rest of Plaintiff's property was either thrown away or donated to the Salvation Army. *Id.* Cynthia Radavsky is the Deputy Director of Department of Mental Health and is responsible for individuals conditionally released from state hospitals. *Id.*

Plaintiff attached the personal belongings designation form (contract) to his amended complaint. *Id.* at 13. The contract states as follows:

> The Conditional Release Program ("CONREP") is not responsible for an individual's personal belongings.
>
> In the event that an individual is returned to the state hospital, he/she is allowed to take with him/her personal belongings in the amount allowed at each state hospital. You need to be aware that each state hospital has its own policy in regards to the size of the containers.
>
> CONREP is not obligated to mail or ship belongings or assume responsibility for storing personal belongings. It is important and necessary that each individual designates someone who will pick up and store the individual's belongings within 30 days of a return to the state hospital or in the event of an unauthorized absence from CONREP greater than 30 days. If my personal belongings are not picked up within that time, I acknowledge that the CONREP program will donate them to a local charity organization of CONREP's choice.

*Id.* at 13. Plaintiff attached a donation receipt in his name from Southwest Thrift Shop, dated June 20, 2010, itemizing a donation of one large plastic bag of clothing. *Id.* at 22. Plaintiff seeks declaratory relief, injunctive relief, and punitive damages of $50,000. *Id.* at 3.

### III. Legal Standard and Analysis for Plaintiff's Claims

### A. Violation of State Rules and Regulations

Violations of state rules and regulations, without more, do not support any claims under § 1983. *Ove v. Gwinn*, 264 F.3d 817, 824 (9th Cir. 2001); *Sweaney v. Ada County, Idaho*, 119 F.3d 1385, 1391 (9th Cir. 1997). Only if the events complained of rise to the level of a federal statutory or constitutional violation may Plaintiff pursue them under section 1983. *Patel*, 648 F.3d at 971; *Jones*, 297 F.3d at 934. Thus, complaints that officials violated state regulations will not support a claim for denial of due process under federal law.

### B. Supervisory Liability and Linkage

Under § 1983, Plaintiff must link the named defendants to the participation in the violation at issue. *Iqbal*, 129 S. Ct. at 1948-49; *Simmons v. Navajo County, Ariz.*, 609 F.3d 1011, 1020-21 (9th Cir. 2010); *Ewing*, 588 F.3d at 1235; *Jones v. Williams*, 297 F.3d at 934. Liability may not be imposed on supervisory personnel under the theory of respondeat superior, *Iqbal*, 129 S. Ct. at 1948-49; *Ewing*, 588 F.3d at 1235, and administrators may only be held liable if they "participated in or directed the violations, or knew of the violations and failed to act to prevent them," *Taylor v. List*,

880 F.2d 1040, 1045 (9th Cir. 1989); *accord Starr*, 652 F.3d 1202, 1205-08 (9th Cir. 2011); *Corales*, 567 F.3d at 570; *Preschooler II v. Clark County School Board of Trustees*, 479 F.3d 1175, 1182 (9th Cir. 2007); *Harris v. Roderick*, 126 F.3d 1189, 1204 (9th Cir. 1997). Some culpable action or inaction must be attributable to defendants and while the creation or enforcement of, or acquiescence in, an unconstitutional policy may support a claim, the policy must have been the moving force behind the violation. *Starr*, 652 F.3d at 1205; *Jeffers v. Gomez*, 267 F.3d 895, 914-15 (9th Cir. 2001); *Redman v. County of San Diego*, 942 F.2d 1435, 1446-47 (9th Cir. 1991); *Hansen v. Black*, 885 F.2d 642, 646 (9th Cir. 1989).

Plaintiff alleges deprivation of property by Kym Cudle. Thus, simply naming California Department of Mental Health; Liberty Health Care; and Cynthia Radavsky, Deputy Director of Department of Mental Health as defendants is insufficient to hold them liable based on their position of authority as Plaintiff has not alleged any facts linking them to acts or omissions, which suggest they participated or directed the violations, or knew of the violations and failed to prevent them. *Iqbal*, 129 S. Ct. at 1948-49; *Ewing*, 588 F.3d at 1235. Accordingly, the Court finds that Plaintiff fails to state a cognizable claim for relief under § 1983 against California Department of Mental Health; Liberty Health Care; and Cynthia Radavsky, Deputy Director of Department of Mental Health, based upon supervisory liability.

### C. Eleventh Amendment Immunity

In Plaintiff's amended complaint, he names California Department of Mental Health. As a state agency, this defendant is entitled to Eleventh Amendment immunity from suit. *Aholelei v. Dept. of Public Safety*, 488 F.3d 1144, 1147 (9th Cir. 2007). Therefore, California Department of Mental Health is an improper defendant in this action and entitled to dismissal. Accordingly, Plaintiff fails to state a cognizable claim for relief under § 1983 against California Department of Mental Health.

### D. Fourteenth Amendment Due Process Deprivation of Property

The Due Process Clause protects prisoners from being deprived of property without due process of law, *Wolff v. McDonnell*, 418 U.S. 539, 556 (1974), and prisoners have a protected interest in their personal property, *Hansen v. May*, 502 F.2d 728, 730 (9th Cir. 1974).

However, while an authorized, intentional deprivation of property is actionable under the Due

Process Clause, *see Hudson v. Palmer*, 468 U.S. 517, 532, n.13 (1984) (citing *Logan v. Zimmerman Brush Co.*, 455 U.S. 422, 435-36 (1982)); *Quick v. Jones*, 754 F.2d 1521, 1524 (9th Cir. 1985), neither negligent nor unauthorized intentional deprivations of property by a state employee "constitute a violation of the procedural requirements of the Due Process Clause of the Fourteenth Amendment if a meaningful postdeprivation remedy for the loss is available," *Hudson*, 468 U.S. at 533. California provides such a remedy. *Barnett v. Centoni*, 31 F.3d 813, 816-17 (9th Cir. 1994) (per curiam).

Only an authorized, intentional deprivation of property is actionable under the Due Process Clause. *Hudson*, 468 U.S. at 533. An authorized deprivation is one carried out pursuant to established state procedures, regulations, or statutes. *See Logan*, 455 U.S. at 436; *see also Knudson v. City of Ellensburg*, 832 F.2d 1142, 1149 (9th Cir. 1987). Authorized deprivations of property are permissible if carried out pursuant to a regulation that is reasonably related to a legitimate penological interest. *Turner v. Safley*, 482 U.S. 78, 89 (1987). "An unauthorized intentional deprivation of property by a state employee does not constitute a violation of the procedural requirements of the Due Process Clause of the Fourteenth Amendment if a meaningful post-deprivation remedy for the loss is available." *Hudson*, 468 U.S. at 533. Thus, where the state provides a meaningful post-deprivation remedy, only authorized, intentional deprivations constitute actionable violations of the Due Process Clause. *Id.*

Plaintiff still fails to allege sufficient facts for the Court to determine whether his property deprivation was authorized, unauthorized, intentional, or negligent.

Plaintiff states that he was taken into custody and Kym Cudle would not allow him to take his property to the hospital. Am. Compl. at 3-4. This allegation appears to be an unauthorized, intentional deprivation, which would not be cognizable. *Hudson*, 468 U.S. at 533.

Plaintiff states that Kym Cudle said she would call Plaintiff's sister back with shipping costs but never called back. Am. Compl. at 4. Plaintiff also states that Allen Stillman said in court he would see to it that Plaintiff's property was locked up and safe. *Id.* at 5. These allegations appear to be negligent deprivations of property, which do not constitute a violation of the procedural requirements of the Due Process Clause of the Fourteenth Amendment if a meaningful

1  postdeprivation remedy for the loss is available. *Hudson*, 468 U.S. at 533. California provides such

2  a remedy. *Barnett*, 31 F.3d at 816-17.

3        Finally, Plaintiff states he received three boxes and that the rest of his property was either

4  thrown away or donated. Am. Compl. at 5. This allegation appears to imply that the taking was

5  authorized – i.e. carried out pursuant to established state procedures, regulations, or statutes. If it was

6  authorized, as long as Plaintiff was provided with process, Plaintiff may be deprived of his property.

7  The Court notes that it appears that Plaintiff was afforded all of the necessary due process. According

8  to Plaintiff's contract, he was informed that the Conditional Release Program ("CONREP") was not

9  responsible for his personal belongings. *Id.* at 13. The contract stated that in the event Plaintiff was

10 returned to the state hospital, he was allowed to take with him personal belongings in the amount

11 allowed at the hospital. *Id.* CONREP was not obligated to mail or ship belongings or assume

12 responsibility for storing personal belongings. *Id.* The contract stated that Plaintiff must designate

13 someone who will pick up and store his belongings within 30 days of a return to the hospital. *Id.* If

14 Plaintiff's personal belongings were not picked up within that time, CONREP would donate them

15 to charity. *Id.* In May 2010, Plaintiff was returned to custody. *Id.* at 3. In July and August 2010, he

16 received three boxes of personal belongings. *Id.* at 5. In August 2010, Plaintiff learned that the

17 remainder of his property had been thrown away or donated. *Id.* It appears that the property was held

18 for at least thirty days in accordance with the contract language. Thus, if Plaintiff's allegations

19 constituted an authorized taking, it would appear that Plaintiff was given the proper due process.

20 *Turner*, 482 U.S. at 89. For all of these reasons, Plaintiff fails to state a claim for due process

21 deprivation of property.

22                                **E. First Amendment Retaliation**

23       Allegations of retaliation against a prisoner's First Amendment rights to speech or to petition

24 the government may support a section 1983 claim. *Rizzo v. Dawson*, 778 F.2d 527, 532 (9th Cir.

25 1985); *see also Valandingham v. Bojorquez*, 866 F.2d 1135 (9th Cir. 1989); *Pratt v. Rowland*, 65

26 F.3d 802, 807 (9th Cir. 1995). "Within the prison context, a viable claim of First Amendment

27 retaliation entails five basic elements: (1) An assertion that a state actor took some adverse action

28 against an inmate (2) because of (3) that prisoner's protected conduct, and that such action (4) chilled

1  the inmate's exercise of his First Amendment rights, and (5) the action did not reasonably advance

2  a legitimate correctional goal. *Rhodes v. Robinson*, 408 F.3d 559, 567-68 (9th Cir. 2005); *accord*

3  *Brodheim v. Cry*, 584 F.3d 1262, 1269 (9th Cir. 2009).

4          Under § 1983, Plaintiff must link the named defendants to the participation in the violation

5  at issue. *Iqbal*, 129 S. Ct. at 1948-49; *Simmons v. Navajo County, Ariz.*, 609 F.3d 1011, 1020-21 (9th

6  Cir. 2010); *Ewing*, 588 F.3d at 1235; *Jones v. Williams*, 297 F.3d at 934. Liability may not be

7  imposed on supervisory personnel under the theory of respondeat superior, *Iqbal*, 129 S. Ct. at 1948-

8  49; *Ewing*, 588 F.3d at 1235, and administrators may only be held liable if they "participated in or

9  directed the violations, or knew of the violations and failed to act to prevent them," *Taylor v. List*,

10 880 F.2d 1040, 1045 (9th Cir. 1989); *accord Starr*, 652 F.3d 1202, 1205-08 (9th Cir. 2011); *Corales*,

11 567 F.3d at 570; *Preschooler II v. Clark County School Board of Trustees*, 479 F.3d 1175, 1182 (9th

12 Cir. 2007); *Harris v. Roderick*, 126 F.3d 1189, 1204 (9th Cir. 1997). Some culpable action or

13 inaction must be attributable to defendants and while the creation or enforcement of, or acquiescence

14 in, an unconstitutional policy may support a claim, the policy must have been the moving force

15 behind the violation. *Starr*, 652 F.3d at 1205; *Jeffers v. Gomez*, 267 F.3d 895, 914-15 (9th Cir.

16 2001); *Redman v. County of San Diego*, 942 F.2d 1435, 1446-47 (9th Cir. 1991); *Hansen v. Black*,

17 885 F.2d 642, 646 (9th Cir. 1989).

18         Plaintiff states Liberty Health Care took possession of Plaintiff's property and refused to

19 release it in retaliation. Am. Compl. at 4. Plaintiff does not allege any specific facts to link Liberty

20 Health Care to his deprivation of property, pursuant to *Iqbal*, 129 S. Ct. at 1948-49; *Simmons v.*

21 *Navajo County, Ariz.*, 609 F.3d 1011, 1020-21; *Ewing*, 588 F.3d at 1235; and *Jones*, 297 F.3d at 934.

22 Moreover, Plaintiff fails to allege he was engaged in protected conduct or that the action chilled the

23 exercise of his First Amendment rights. Plaintiff's conclusory allegations of retaliation fail to state

24 a claim.

25                                          **IV. Conclusion**

26         Plaintiff's amended complaint fails to state any claims upon which relief may be granted.

27 Plaintiff was previously notified of the deficiencies in his claims and granted leave to amend, but he

28 was unable to cure the deficiencies. *Lopez v. Smith*, 203 F.3d 1122, 1130 (9th Cir. 2000); *Noll v.*

1 | *Carlson*, 809 F.2d 1446, 1448-49 (9th Cir. 1987). Based on the record in this case, the Court finds

2 | that further leave to amend is not warranted.

3 |       Accordingly, pursuant to 28 U.S.C. §§ 1915A and 1915(e), the Court HEREBY ORDERS

4 | that this action be DISMISSED, with prejudice, based on Plaintiff's failure to state any claims upon

5 | which relief may be granted under § 1983.

6 | IT IS SO ORDERED.

7 |

Dated:    May 4, 2012

8 |                              UNITED STATES MAGISTRATE JUDGE